*374 Opinion of the Court, by
Judge Owsley.
Hardin purchased of Cocke a negro man, at the price of $500, and gave his obligation to pay the amount thereof at a named day. The day having elapsed without payment being made, Cocke brought suit on the bond, and recovered judgment at law.
Relief denied where, after the discovery of the disease, the purchaser made no offer to return the slave & cancel the contract, but retained him in his service until he died.
To be relieved from the judgment, Hardin exhibited his bill in equity, alleging that at the time of purchase the negro was known by Cocke to be unsound; but that he fraudulently concealed from him, Hardin, the unsoundness; and that the negro has since died of the disease under which he labored at the time of the purchase. The bill asked for an injunction against the judgment at law, and prayed for general relief. An injunction was accordingly granted, and on a final hearing, was perpetuated by the court below, and Cocke decreed to pay costs. From that decree Cocke has appealed to this court.
In deciding the present contest, it is not necessary for this court to go into the inquiry, whether or not the negro was in fact unsound at the time he was purchased by Hardin, and whether, if unsound, it was known by Cocke and concealed from Hardin; for, conceding the facts to be as alleged by Hardin in his bill, still we should be of opinion that, under the circumstances of the present case, he cannot be entitled to relief in a court of equity. Fraud is, no doubt, cognizable in equity, as well as at law; but when committed in relation to slaves or personal chattels, courts of equity will not examine the fraud, for the purpose of giving compensation in damages; but they will enquire into the fraud, for the purpose of setting aside the contract, and restoring the parties to the situation in which they were before the fraud was committed. It is not, however, in every case that the contract will be set aside for the commission of a fraud. The party sustaining the injury might, no doubt, on discovering the fraud, disclaim all benefit from the contract, and after restoring, or offering to restore to the other party, the property, apply to a court of equity to cancel the contract; but if, instead of returning the property, the party injured, after discovering the fraud, should continue to use and enjoy it, he will be considered as affirming the contract, and the only remedy to which he will be entitled, is in an action at law for damages.
Assuming the alleged fraud to have been committed by Cocke, it is obvious, therefore, that Hardin’s remedy is properly at law, and not in equity. He not only kept the possession of the negro for about nine months after the purchase, before his death, but the negro appears to have rendered valuable service for him during *376 the greater part of that time; and from the testimony, it is evident, that shortly after the sale by Cocke, the complaint of which the negro probably died, was known by Hardin, and no intimation of his dissatisfaction with the contract, was ever made to Cocke, or any offer to restore the negro, before his death.
The decree must, consequently, be reversed with costs, the cause remanded to the court below, and the injunction dissolved with damages, and the bill dismissed without prejudice to any action at law, and with costs.